ANITA HILL, PLAINTIFF-APPELLANT, v. ROBERT HILL, DEFENDANT-RESPONDENT.

Argued September 13, 1982—Decided December 15, 1982.

*Peter Rosen* argued the cause for appellant (*Rosen & Garodnick,* attorneys).

*W. Marshall Prettyman* argued the cause for respondent.
The opinion of the Court was delivered by

PASHMAN, J.

This is a companion case to *Mahoney v. Mahoney,* 91 *N.J.* 488, decided today. For the reasons expressed in that opinion, we modify the judgment of the Appellate Division and remand the case to the trial court to consider a limited award of either rehabilitative or reimbursement alimony.

I

The parties were married in New York in 1973. At that time plaintiff, Anita Hill, was a social worker with other part-time jobs; defendant, Robert Hill, was selling insurance. The de-

fendant supported the plaintiff while she attended medical school in Albany, New York, for one year, from 1974 to 1975.

In 1975 Anita and Robert Hill moved to New Jersey. From 1975 until the parties separated in 1978, the defendant attended dental school in this State. During the defendant's first year of dental school, the plaintiff did not work; the parties were supported by a combination of educational grants, loans and insurance that accrued to the plaintiff upon her mother's death. In May 1976 the plaintiff began to work again as an assistant scientist and a substitute teacher. Between that time and October 1978, she earned about $36,000, which was used for household expenses. The plaintiff testified that her husband contributed about $1,000 to the household during that time.

By the time the parties separated, the defendant had accumulated about $30,000 in educational loans. He completed dental school in 1979. At the time of trial, the defendant was earning $15,500 as a resident in oral surgery and repaying those loans.

In the summer of 1979 Anita Hill moved to Boston and enrolled in the Boston University Dental School, where she was a second year student at the time of trial. Her education required her to borrow substantial amounts of money.

Anita Hill filed a complaint for divorce in July 1979. Trial was held in October 1980. The trial judge granted a divorce on the grounds of 18 months continuous separation and ordered the defendant to pay the plaintiff $2,050 to satisfy outstanding debts, a decision that the defendant did not appeal. The court did not award alimony.

The portion of the trial court order from which the defendant appealed involved the plaintiff's claim for reimbursement for contributions to the household while her husband was attending dental school. The court found that the plaintiff had contributed $28,000 to the household from the time the defendant entered dental school until they separated. The court, without explaining how it reached this $28,000 figure, then reduced plaintiff's claim to $26,000 to account for defendant's contributions to the household.

Based on these calculations, the court awarded the plaintiff $13,000, representing one-half the net amount she had contributed to the household while the defendant was in dental school. The money was to be paid in three annual installments beginning in 1981. The court expressly excluded from its calculations $20,000 that the plaintiff had received in insurance and wrongful death action proceeds, although that money also apparently went to the household.

The trial judge, apparently seeking to arrive at a just result, noted his difficulty in finding a rationale for his result. . The court referred to the plaintiff's contributions as a gift, and noted that courts can equitably distribute gifts between the parties to a divorce. Apparently more to the point, the court found that the plaintiff deserved reimbursement "for those moneys which she had a reasonable expectation would result in her future wealth, support, [sic] as a result of what she did for her husband and which cannot now be recouped."

The Appellate Division reversed, *Hill v. Hill,* 182 *N.J.Super.* 616 (1982), on its reasoning in *Mahoney v. Mahoney,* 182 *N.J.Super.* 598 (1982). However, in *Hill* the court remanded for a determination of "rehabilitative alimony" as approved by this Court in *Lepis v. Lepis,* 83 *N.J.* 139, 155 n. 9 (1980). The Appellate Division found that an award of rehabilitative alimony was appropriate since the plaintiff was seeking to enhance her earning capacity by pursuing educational objectives. 182 *N.J.Super.* at 620.

The Court granted certification. 91 *N.J.* 188 (1982).

## II

In *Lepis v. Lepis, supra,* we approved of the concept of rehabilitative alimony where a short-term or lump-sum award from one party in a divorce will enable his former spouse to complete the preparation necessary for economic self-sufficiency. Today, in *Mahoney, supra,* we introduced the concept of reimbursement alimony, in cases where fairness requires that

one spouse be reimbursed for financial contributions used by the partner in obtaining a professional degree or license where the contributions are made with the expectation that both spouses will derive financial and material benefits.

In this case, the plaintiff earned money to support the marital household while her husband obtained his dental degree and license. At the time of trial, the plaintiff was pursuing her own graduate education and needed money to complete it. Equity may not compel any alimony award under such circumstances, but under the facts of this case, either rehabilitative or reimbursement alimony might be appropriate. On remand the trial court should consider a possible award of such alimony, taking into account the plaintiff's needs and the defendant's ability to pay.

We affirm and modify the Appellate Division's reversal of the trial court's equitable distribution award and remand for further proceedings.

*For affirmance and modification*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*For reversal*—None.