622 A.2d 1360

HENRY FINELLI, PLAINTIFF, v. PHYLLIS FINELLI, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County
Family Part

Decided October 15, 1992.

*Elliot H. Gourvitz* for plaintiff (*Gourvitz, Diamond, Hodes, Braun & Diamond,* attorneys).

*Bonnie C. Frost* for defendant (*Einhorn, Harris, Ascher & Barbarito,* attorneys).

KRAFTE, J.S.C.

Pursuant to the remand of the Appellate Division, this court was directed to consider whether a combination of rehabilitative and permanent alimony was appropriate. All references are made to facts appearing at the trial.

The parties married on June 29, 1963. The defendant had been employed as an airline stewardess for some two and one-half years and remained in this position for some two months before becoming pregnant and ceasing employment. For the remaining twenty-four years of the viable marriage, she was not gainfully employed. The plaintiff was an airline pilot, working into senior status, and earned sufficient funds to enable the parties to maintain an upper middle-class lifestyle while permitting the defendant to remain at home to raise and be available to the children. His income was some $147,000.00 per year.

The defendant did, in September, 1987, obtain a part-time position as a nursery school aide, which required no formal

training. She was and continues being paid $8.50 per hour and receives $420.00 per month.

"Rehabilitative alimony" has become an accepted concept, as defined in *Turner v. Turner,* 158 *N.J.Super.* 313, 385 *A.*2d 1280 (Ch.Div.1978):

"* * * alimony payable for a short, but specific and terminable period of time, which will cease when the recipient is, in the exercise of reasonable efforts, in a position of self-support."

This concept was approved by the New Jersey Supreme Court in a footnote in *Lepis v. Lepis,* 83 *N.J.* 139, 155, n. 9, 416 *A.*2d 45 (1980), and in *Hill v. Hill,* 91 *N.J.* 506, 509, 453 *A.*2d 537 (1982).

The case of *Kulakowski v. Kulakowski,* 191 *N.J.Super.* 609, 468 *A.*2d 733 (Ch.Div.1982), was first to award a combination of "permanent" and "rehabilitative" alimony, using the rationale that there will be cases wherein the supported party may be able to obtain training enough to enable him or her to become employed but would not reasonably be expected to earn enough to maintain the same standards afforded that party during the viable portion of the marriage and would need both. The *Kulakowski* court then, based on specific facts adduced *at trial,* made findings that the wife would, after three years of schooling, be expected to earn $15,000.00 per year.

On November 14, 1988, *N.J.S.A.* 2A:34–23(b) was amended, effective September 1, 1988, permitting permanent or rehabilitative alimony or both. As a result, the concept of "both" became firmly embedded in our jurisprudence.

While the Legislature codified certain mandatory factors that the court must consider in all types of alimony determinations, factor No. 7 is particularly applicable to "rehabilitative" or "both".

"(7) The time and expense necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, the availability of the training and employment, and the opportunity for future acquisitions of capital assets and income."

The rehabilitative alimony concept has been applied when it is abundantly clear that it is not a "permanent" alimony case, but rather a case where the marriage is relatively short and where the recipient spouse is capable of full employment, based on experience, additional training or further education. The combination of "permanent" and "rehabilitative" alimony is relatively new, and would appear to be applicable when it is shown that the factors necessary for "permanent" alimony have been proven, as well as all factors to show ability to train or educate for future gainful employment so as to become more, though not completely, self-sufficient.

■ Regardless of definition, before this or any other court, appellate or otherwise, can even consider rehabilitative alimony, there must be evidence presented which could form the basis of such an award, and such factors must be proven by the greater weight of the evidence.

■ During the trial, there was very casual reference to defendant's intention to go back to school for a degree in education. At no time during the full hearing on the merits did *anyone* supply specific facts on which this court could base a determination concerning rehabilitative alimony, as the court in *Kulakowski* did.

It is basic that the party seeking alimony, of whatever category, must sustain the necessary burden of proof to justify the court in granting the relief sought.

■ This court finds that when a person seeks rehabilitative alimony, while the burden of proof does not increase, such person must provide additional proofs in order for the court to make a reasonable and rational determination. Here, the defendant is obliged to show:
1. Type of degree she could seek.
2. Colleges providing same.
3. Costs of attendance.
4. Hours necessary.
5. Availability of "sitters" for her daughter.

6. Costs of sitters.

7. Ability to coordinate her studies with her duties and obligations as a mother.

8. Whether she could realistically attend full-time.

9. Whether her high-school studies qualify her for admission to college.

Additionally, no vocational counsellor was produced to assist this court in determining what defendant is or may be qualified for nor what she could expect by way of employment and income upon graduation, considering that defendant was 50 years of age at trial with a small daughter who may have been learning disabled.

After such limited testimony, this court has no idea of what the defendant could be rehabilitated to, nor what she could earn after she got there. This court cannot operate in a vacuum nor can it indulge in conjecture. It must make determinations based upon real evidence presented through competent witnesses.

This court finds that there is an absolute lack of competent evidence upon which to base any rehabilitative alimony award. To make such an award would be to engage in complete conjecture, which this court is not permitted to do.

If a party seeks particular relief, they must specifically seek it and provide facts which support that claim. This court, therefore, finds that, while defendant is entitled to permanent alimony, she has not proven an entitlement to rehabilitative alimony, no less a combination of both.