**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1170-20
                A-1832-20

ARMEN KARAKHANIAN,

     Plaintiff-Appellant,

v.

NATALIA SHCHUKO,

     Defendant-Respondent.

_____

Submitted April 25, 2022 – Decided August 12, 2022

Before Judges Sumners and Petrillo.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0059-15.

Previte Nachlinger, PC, attorneys for appellant (Thomas J. Bean, on the brief).

Natalia Shchuko, respondent pro se.

PER CURIAM

     Plaintiff Armen Karakhanian appeals from the Family Part's November

12, 2020 amended final judgment of divorce (AFJOD) and the February 8, 2021 order denying his reconsideration motion seeking to vacate certain provisions of the AFJOD. On appeal, he challenges the trial court's rulings regarding child support, alimony, reimbursement alimony, and Mallamo[1] credits. We affirm in part and reverse and remand in part.

I

Having been married for about ten years with an almost four-year-old son from the union, plaintiff filed for divorce alleging extreme cruelty. He further alleged defendant planned to leave him, kidnap their son, and fabricate grounds for a divorce to avoid enforcement of the parties' premarital agreement. Defendant counterclaimed for irreconcilable differences.

During their marriage, plaintiff worked as a chiropractor while defendant was a stay-at-home mother before becoming a certified public accountant (CPA). At some point, plaintiff developed carpal tunnel syndrome and ceased his chiropractic practice. Plaintiff has been the parent of primary residence since the parties separated. In pre-trial rulings, plaintiff was ordered to pay $4000 per month in unallocated pendente lite support to defendant, subject to reallocation at the final hearing.

---

[1] Mallamo v. Mallamo, 280 N.J. Super. 8 (App. Div. 1995).

On November 2, 2020, following a two-day trial where the parties were self-represented, the court issued a final judgment of divorce (FJOD) and equitable distribution with a statement of reasons ("written decision") ordering the dissolution of the marriage and resolving issues of custody, parenting time, alimony, child support, and credits concerning pendente lite support obligations. Due to "typographical errors that made the [o]rder inconsistent with the [c]ourt's findings at trial," the court entered an AFJOD and with a written decision on November 12. We limit our discussion of the court's ruling to the issues raised on appeal.

Defendant sought limited duration alimony of $1800 per month for ten years, totaling $216,000. The court disagreed. Based upon the factors set forth in N.J.S.A. 2A:34-23(b) and -23(c), the testimony of the parties, pendente lite support already paid, and documentary evidence, the court awarded defendant a limited duration monthly alimony award of $2000 for eight years, totaling $192,000.

As for child support, the court considered "the . . . support guidelines . . . based on the parties' imputed incomes . . . plus defendant's receipt of spousal support," determining "plaintiff would be responsible for $114 per week in child support." Because "the parties' income exceed[ed] the maximum income for the

3

guidelines but only due to the . . . imputation of income, the [c]ourt [determined] that an upward adjustment of the child support guidelines [was] not equitable or necessary." Plaintiff was ordered to pay $3363 in expert fees in addition to the entirety of Dr. David Gomberg's expert fees, who was appointed by the court to evaluate the parties' parental relationships with their son and recommend a custody and parenting time arrangement.

The court further found plaintiff was not entitled to a Mallamo adjustment, because despite reducing his child support payments from the pendente lite award of $152 per week to $114 per week, plaintiff's arrears resulted in a $2898 credit as of the date of the AFJOD. The court rejected plaintiff's request for alimony reimbursements, finding that, except for documenting the $1085 he paid towards defendant's CPA preparation course costs, he was not entitled any other credits because his testimony lacked credibility.

In conclusion, the court determined

> after taking into consideration expert fees and the . . . CPA class, plaintiff is entitled to a credit of $524. Plaintiff is also entitled to a future credit of $13,500 toward spousal support based on his limited pendente lite support payments. Plaintiff's net credit, after the child support arrears calculation, is $14,024. Plaintiff shall reduce his spousal support payment by $200 for seventy months until the credit is satisfied.

A-1170-20

Plaintiff moved for reconsideration of the AFJOD. While the motion was still pending, the self-represented plaintiff filed a notice of appeal regarding certain provisions of the AFJOD. After the reconsideration motion was denied, plaintiff, again representing himself, filed a notice of appeal challenging that order. Plaintiff subsequently retained counsel, who successfully moved to consolidate the two pending appeals with the Appellate Division.

II

In his appeal, plaintiff argues:

I. LEGAL STANDARD FOR REVIEW ON APPEAL[.]

II. THE TRIAL COURT ERRONEOUSLY ORDERED A CHILD SUPPORT OBLIGATION FROM PLAINTIFF TO DEFENDANT DESPITE THE CHILD SUPPORT GUIDELINES INDICATING THAT THE OBLIGATION SHOULD IN FACT RUN FROM DEFENDANT TO PLAINTIFF AND DESPITE THE FACT THAT THE CHILD HAD ALWAYS LIVED WITH PLAINTIFF[.]

III. THE TRIAL COURT DID NOT PROPER[L]Y APPLY THE EVIDENCE ADDUCED AT TRIAL TO THE STATUTORY FACTORS ENUMERATED IN N.J.S.A. 2A:34-23(B) AND ABUSED ITS DISCRETION IN DETERMINING PLAINTIFF'S ALIMONY OBLIGATION[.]

5

IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S CLAIM FOR REIMBURSEMENT ALIMONY IN RECOGNITION OF PLAINTIFF'S CONTRIBUTIONS TOWARD DEFENDANT'S EDUCATION, TRAINING, AND LICENSURE AS A CERTIFIED PUBLIC ACCOUNTANT[.]

V. THE TRIAL COURT DID NOT PROPERLY EVALUATE PLAINTIFF'S CLAIMS FOR A MALLAMO CREDIT IN LIGHT OF THE EV[ID]ENCE ADDUCED AT TRIAL AND ABUSED ITS DISCRETION IN NOT AWARD[ING] A GREATER CREDIT TO PLAINTIFF[.]

Our review of these issues is limited. We must defer to a trial court's factual findings so long as they are supported by sufficient credible evidence. Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016). We owe particular deference to the court's evaluation of witness credibility. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We also give deference to the expertise of the Family Part in handling matrimonial matters. Ibid. We review a Family Part judge's alimony determination for abuse of discretion. J.E.V. v. K.V., 426 N.J. Super. 475, 485 (App. Div. 2012) (citing Heinl v. Heinl, 287 N.J. Super. 337, 345 (App. Div. 1996)).

Applying those legal standards here, we separately address plaintiff's appeal points.

A. Child Support

Plaintiff argues the AFJOD requiring that defendant pay $114 weekly in child support was "based upon a palpably incorrect and irrational basis" and was "clearly in error and an abuse of discretion." He reasons that the order did not align with the child support determination worksheet attached to the AFJOD, which listed "Plaintiff" as the custodial parent and had the $114 obligation in the "Non-Custodial Parent" column of the worksheet. He argues his contention that defendant is the rightful obligor is "confirmed by the fact that the [t]rial [court] initially did order [d]efendant to pay $114 per week in child support [to] [p]laintiff in the [FJOD]." Plaintiff further contends the court failed to consider the competent evidence, and its AJOD "was internally inconsistent and self-contradicting." Thus, plaintiff seeks a "remand[] for further consideration, including . . . consideration of whether retroactive pendente lite support should be granted to [him]."

A remand is in order. In the FJOD, plaintiff was the recipient of child support because he was the custodial parent. However, in the AFJOD, the court listed the recipient of child support as defendant without explanation. Nevertheless, in both decisions the court stated, "[p]laintiff shall continue to pay child support through the Morris County Probation Department." As plaintiff

contends, the confusion is compounded by the child support guidelines worksheet stating that the child support order "was based on" the child support guidelines and imposing the obligation on defendant, the non-custodial parent. And although the court stated in both decisions that the child support amount was based on the N.J.S.A. 2A:34-23(a) factors, it did not adequately explain how they were applied in requiring plaintiff—the custodial parent—to pay weekly child support of $114. See R. 1:7-4(a); Heinl, 287 N.J. Super. at 347 (holding the Family Part has "a duty to make findings of fact and to state [its] reasons in support of [its] conclusions."). These concerns must be addressed by the trial court on remand.

B. Alimony

Plaintiff argues the court's $2000 monthly limited duration alimony award to defendant was an abuse of discretion because it was not supported by sufficient credible evidence in the record. Specifically, plaintiff asserts that in applying N.J.S.A. 2A:34-23(b), the court erroneously relied on the pendente lite award to determine defendant's marital standard of living; incorrectly imputed income to him related to potential earnings as a property manager given his age of sixty-five years and lack of experience; and should not have considered

8

income from his California properties which was already included in his imputed income. We are unpersuaded.

"Imputation of income is a discretionary matter not capable of precise or exact determination but rather requiring a trial [court] to realistically appraise capacity to earn and job availability." Storey v. Storey, 373 N.J. Super. 464, 474 (App. Div. 2004). A trial court's imputation of a specific amount of income "will not be overturned unless the underlying findings are inconsistent with or unsupported by competent evidence." Id. at 474-75. There are no bright-line rules that govern the imputation of income. Id. at 474. Only where the court clearly abused its discretion or failed to consider all of the controlling legal principles, should an appellate court overturn an award. Gonzalez-Posse v. Ricciardulli, 410 N.J. Super. 340, 354 (App. Div. 2009). Limited duration alimony is "available to a dependent spouse who made 'contributions to a relatively short-term marriage that . . . demonstrated the attributes of a "marital partnership"' [but] has the skills and education necessary to return to the workforce." Gordon v. Rozenwald, 380 N.J. Super. 55, 65-66 (App. Div. 2005) (quoting Cox v. Cox, 335 N.J. Super. 465, 483 (App. Div. 2000)).

In this case, the court heard the testimony of the parties and vocational expert and had ample opportunity to evaluate their credibility. This led to the

finding that both parties were voluntarily underemployed and could earn higher incomes. As for plaintiff, Dr. Stein opined he had the ability to earn between $85,000-$90,000 annually as a property manager in addition to the $80,000 he earned as a property manager on his California properties. Dr. Stein further concluded that if plaintiff opted to get surgery for his carpal tunnel syndrome, he could earn an additional $90,000-$100,000 as a chiropractor, with his potential earnings totaling $170,000-$180,000. As for defendant, Dr. Stein opined that she was able to earn between $52,000-$62,000 per year as an accountant.

Given our review of the record, the court's determination was based on credible evidence regarding the parties' respective earning capacity and standard of living. The court did not misapply the law, and given the high deference afforded to its alimony determinations, the limited duration alimony award was not an abuse of discretion.

C. Reimbursement Alimony and Mallamo Credits

Reimbursement alimony is awarded to a spouse who has made financial sacrifices to allow his or her partner to secure an advanced degree or professional license to enhance the parties' future standard of living. Gnall v. Gnall, 222 N.J. 414, 432 (2015); N.J.S.A. 2A:34-23(e). "Reimbursement

alimony is limited to 'monetary contributions made with the mutual and shared expectation that both parties to the marriage will derive increased income and material benefits.'" Gnall. 222 N.J. at 432 (quoting Mahoney v. Mahoney, 91 N.J. 488, 502-03 (1982)). Mallamo credits refer to the modification of pendente lite support orders at the time a final judgment of divorce is entered. Slutsky v. Slutsky, 451 N.J. Super. 332, 368 (App. Div. 2017).

Plaintiff contends the trial court erred in only awarding him $1085 in reimbursement alimony for his payments towards defendant's CPA exam preparation course and related vehicle expenses to travel to the course's classes. He demands reimbursement for the $10,286 he paid for defendant's vehicle lease payments during the same year he filed for divorce, claiming it was as an investment in her employment career from which he will not benefit. Plaintiff contends the court erred in rejecting reimbursement of the $4526 that he lost from not being able to vacation outside the country with his son after the parties separated and the pendente lite order forbid the parties from international travelling with their son. He also seeks reversal of the same court order denying him credit for the $15,000 that he spent on a vehicle lease for defendant to commute to college based on Dr. Stein's assessment that defendant could have afforded the lease.

11

We see no reason to overturn the court's allowance of only $1085 in reimbursement alimony for defendant's CPA exam preparation costs. The court explained that plaintiff "only provided documentary evidence of $1,085 in costs" and found his testimony regarding additional costs lacked credibility. Plaintiff has not shown why we should upset the court's credibility determination.

With respect to the court's rejection of plaintiff's request for reimbursement of $4526 for his cancelled vacation, the court failed to explain why reimbursement was denied. R. 1:7-4(a). Thus, we remand for the court to do so.

Plaintiff contends the court abused its discretion by not awarding him greater Mallamo credits. Specifically, he maintains the calculation of the credits for the pendente lite child and spousal support should be based on Dr. Stein's determination of the parties' earning capacities and making them retroactive to the pendente lite support order. Plaintiff also argues that "the entire $14,700 in expert fees" should be apportioned between the parties, claiming there was the over imputation of his income, and it was not his failure to cooperate that prevented Dr. Gomberg from completing a child custody evaluation. We disagree.

Plaintiff has not presented any case law to support his claim that the pendente lite amount should be recalculated back to the inception of the pendente lite support order. Furthermore, plaintiff refused to pay the pendente lite support, forcing defendant to have to request the court compel these payments, which remained unpaid. Plaintiff should not benefit from failing to comply with court orders. Plus, the court did not err in calculating the parties' imputed earnings, thus the equitable division of fees based on these earning was correct.

With respect to plaintiff's appeal of the trial court's denial of his reconsideration motion, with exception of those parts of the AJOD that we remanded for further clarification, we find no merit to his contentions and there has been no showing the court's ruling was an abuse of discretion. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)).

Our remand shall not be construed as expressing an opinion on the merits of defendant's contention. Any arguments made by plaintiff that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1170-20

Affirmed in part and reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1170-20