## MARY LOU DAN *v.* MICHAEL T. DAN
(AC 33230)

Bear, Espinosa and West, Js.

Argued May 15—officially released August 28, 2012

*Charles D. Ray*, with whom was *Matthew A. Weiner*, for the appellant (defendant).

*George J. Markley*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Michael T. Dan, appeals from the trial court's judgment modifying his alimony obligation to the plaintiff, Mary Lou Dan. The defendant claims that the court's modification of his alimony obligation was improper as a matter of law and otherwise an abuse of its discretion. We affirm the judgment of the trial court.

The following undisputed facts are relevant to our consideration of this appeal. After twenty-nine years of marriage, the parties were divorced on November 21, 2000, on the ground that the marriage had broken down irretrievably. The judgment of dissolution incorporated by reference a stipulation entered into by the parties. The stipulation provided that, as monthly alimony payments, the defendant would pay the plaintiff $15,000, as well as 25 percent of any amounts that the defendant earned through certain performance based bonuses. Under the stipulation, the defendant was obligated to make these alimony payments each month until the plaintiff's death, remarriage or cohabitation, or until the defendant retired or reached the age of sixty-five, whichever came first.

On January 13, 2010, the plaintiff filed a postjudgment motion for modification of alimony. Invoking General Statutes § 46b-86 (a),[1] the plaintiff stated as grounds for the motion that the defendant's income had increased

---

[1] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . ."

greatly since the dissolution judgment and that her medical costs had "skyrocketed." At the hearing on the motion, the defendant conceded that there had been a substantial increase in his income.

The court found that the defendant was president, chief executive officer and chairman of the board of the Brink's Company and earned a base salary of $3,240,000 per year. Additionally, in 2010, the defendant realized $3,000,000 in cash-ins from stock options. By comparison, his base salary had been $696,000 per year at the time of the dissolution judgment. Aside from alimony, the plaintiff's income consisted of dividend and interest income in the amount of $8000 to $12,000 per year. She had a high school diploma and had taken several college courses, but she did not have a college degree. She had worked as an executive assistant but had not been employed since 1977. Finally, the court found that she was taking medications for high blood pressure, high cholesterol, asthma and diabetes.

Although the court was persuaded by evidence that the plaintiff's medical expenses had not increased, it determined that there had been a substantial change in circumstances under § 46b-86 (a).[2] Having found a substantial change in circumstances, the court considered the statutory factors for setting alimony as provided by General Statutes § 46b-82 (a).[3] The court stated that it did not give significant weight to the property

[2] The defendant did not dispute this finding, and he does not challenge it on appeal.

[3] General Statutes § 46b-82 (a) provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

division, the causes of the dissolution, or the estate or needs of the parties. Rather, the court gave the greatest weight to the length of the marriage, the amount and sources of income, the health of the parties and the vocational skills of the parties. Emphasizing that the defendant's income was five times greater than it was at the time of the dissolution judgment, not including the value of options he received as part of his compensation, the court increased the defendant's alimony to $40,000 per month, to continue until the death, remarriage or cohabitation of the plaintiff. The court ordered that the defendant was to continue paying 25 percent of his performance based bonuses in addition to this $40,000 payment. The defendant filed the present appeal on March 9, 2011.

The defendant claims that the court abused its discretion in increasing the amount of his alimony obligation. He asserts that the court lacked any reasonable basis for increasing his obligation from $15,000 per month to $40,000 per month, or for eliminating the durational limit on the monthly payments.[4] We disagree.

We review the court's order increasing the defendant's alimony for an abuse of discretion. See, e.g., *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 372, 999 A.2d 721 (2010). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption

---

[4] Furthermore, the defendant claims that, as a matter of law, the court abused its discretion by increasing his alimony obligation when the only factor that weighed in favor of such an increase was the increase in his income from the time of the dissolution judgment. We are not persuaded. The court explicitly made its finding on the basis of several factors, including the length of the marriage, the amount and sources of income of the parties, the health of the parties and the vocational skills of the parties.

in favor of the correctness of its action." (Internal quotation marks omitted.) Id. We conclude that the court did not abuse its discretion. The court reasonably determined that, considering the length of the parties' marriage, the health of the parties, the amount and sources of income and the vocational skills of the parties, the defendant's alimony obligation should be increased. We do not conclude that this result constituted an abuse of the broad discretion afforded to trial courts in domestic relations matters.

Additionally, the defendant claims that the court, having found that there had been a substantial change in circumstances under § 46b-86, improperly considered all of the statutory factors for setting alimony set forth in § 46b-82, rather than only those factors that had changed since the dissolution judgment. This claim has no merit. "We previously have held that once a party has met his or her burden under either § 46b-86 (a) or (b), the court then should apply the factors of § 46b-82 to fashion a new alimony award. . . . [O]nce [a change in circumstances has been proven under either § 46b-86 (a) or § 46b-86 (b)] a uniform application of the § 46b-82 factors is warranted and should be applied to a request for a postdissolution modification of alimony whether brought under either subsection . . . ." (Citation omitted; internal quotation marks omitted.) *Schwarz* v. *Schwarz*, 124 Conn. App. 472, 484–85, 5 A.3d 548, cert. denied, 299 Conn. 909, 10 A.3d 525 (2010). "In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony. . . . More specifically, these criteria, outlined in . . . § 46b-82, require the court to consider the needs and financial resources of each of the parties and their children, as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of

the parties. . . . Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification." (Citations omitted; internal quotation marks omitted.) *Borkowski* v. *Borkowski*, 228 Conn. 729, 736–37, 638 A.2d 1060 (1994). We conclude that the court, having found a substantial change in circumstances under § 46b-86 (a), properly considered the § 46b-82 factors in increasing the defendant's alimony obligation.

The judgment is affirmed.